John C. BELARDE, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 5460.

Court of Appeals of Alaska.

Oct. 15, 1981.

Alex Swiderski and Albert Z. Lewis, Jr., Anchorage, for appellant.

Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

On April 29, 1980, John Belarde pleaded no contest to one count of reckless driving, in violation of AMC 9.28.010(A). Because Belarde had been previously convicted in July, 1977, of operating a motor vehicle while intoxicated (OMVI), District Court Judge Beverly Cutler ruled that he was a second offender within the meaning of AS 28.15.181 and therefore revoked his driver's license for one year. In this appeal, Belarde challenges this conclusion as a matter of statutory construction. We reject this challenge and affirm the finding of the district court.[1]

AS 28.15.181 reads in part as follows:

*Court suspensions, revocations, and limitations.*

(a) The following are grounds for the immediate suspension or revocation of a driver's license:

(1) manslaughter or negligent homicide resulting from the driving of a motor vehicle;

(2) a felony in the commission of which a motor vehicle is used;

(3) failure to stop and give aid as required under the laws of this state when a motor vehicle accident results in the death or personal injury of another;

(4) perjury or the making of a false affidavit or statement under oath to the department under a law relating to motor vehicles;

(5) *driving or operating a motor vehicle while under the influence of alcohol or another drug;*

(6) *reckless driving;* or

(7) using a motor vehicle in unlawful flight to avoid arrest by a peace officer. (b) A court convicting a person of an offense under (a)(1)–(7) of this section shall revoke that person's driver's license for a period of not less than 30 days for the first conviction . . . . *Upon a subsequent conviction of a person for any offense under (a) of this section, the court shall revoke the person's license and may not grant him any limited license privileges for the following periods:*

(1) *not less than one year for the second conviction. . . .* [Emphasis supplied.]

In construing this statutory language, Belarde contends that in order to invoke the mandatory one year license revocation, the second conviction must be for the *same* offense as the first conviction.[2] By contrast, Judge Cutler concluded that the one year revocation should follow as a result of a conviction for *any* of the seven offenses listed under part (a) of the statute, regardless of what offense the initial conviction was predicated upon. We agree with Judge Cutler's construction of the statute.

In support of his argument, Belarde invokes the ancient and oft-repeated rule of statutory construction that penal statutes are to be strictly construed. C. Sands, Sutherland Statutory Construction § 59.03, at 6–7 (4th ed. 1974). This general rule, however, is not an absolute. Strict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." *Id.* at § 59.06, at 18–19. The intent of the legislature must govern and the policies and purposes of the statute should not be defeated. *Id. See Danks v.*

---

**1.** Belarde petitioned for review in the superior court, which denied the petition, and the appeal to this court followed.

**2.** Belarde claims that his two convictions are not for the same offense. However, to the extent that reckless driving is a lesser included offense of OMVI, Belarde's original OMVI conviction also encompasses a finding of guilt on the reckless driving charge and Belarde would be a second offender under AS 28.15.181 even under the interpretation of the statute which he argues. *See Lupro v. State,* 603 P.2d 468, 475 (Alaska 1979).

*State*, 619 P.2d 720 (Alaska 1980); *Carter v. State*, 625 P.2d 313 (Alaska App.1981). Applying these principles of statutory construction, we conclude that Judge Cutler adopted a common sense construction of the statutory language consistent with the legislative purpose. It does not seem reasonable to us to conclude that the legislature intended to apply the enhanced punishment provision of the statute only to a person who accumulated two convictions for the same offense but not to apply these provisions to a driver who displayed more variety in his accumulation of serious motor vehicle related offenses.[3]

The judgment appealed from is AFFIRMED.

3. If the legislature intended to require the court to revoke an offender's driver's license for one year only if he committed the same offense twice, it could easily have drafted the statute to make that intention clear. Instead of AS 28.-15.181(b) stating "upon a subsequent conviction of a person for any offense," the statute could have read, "upon a subsequent conviction of a person for that offense."