Argued and submitted April 8, reversed and remanded for trial October 26, 1981

STATE OF OREGON,
*Appellant,*

*v.*

STEVEN EDWARD FOSTER,
*Respondent.*

(No. 80-1314-C, CA 19369)

635 P2d 11

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant was charged with driving while suspended. ORS 487.560. Prior to trial, defendant moved to suppress an order of license revocation issued by the Motor Vehicles Division. After an omnibus hearing, the court ordered the revocation order suppressed. The state appeals the court's ruling pursuant to ORS 138.060(3).[1]

■       In March, 1978, defendant's driver's license was revoked for having used his vehicle in the commission of a felony. ORS 482.430(1)(c).[2] As stated on the face of the revocation order, the period of revocation ran until March 1, 1979, on or after which defendant was eligible to apply for a new license, provided proof of future financial responsibility was filed. ORS 482.500.[3] When defendant was stopped by police on August 22, 1980, he had not applied for a new license, and no license had been issued. He was charged with driving while suspended, the proper charge

---

[1] ORS 138.060 provides, in relevant part:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

" * * * * * *

"(3) An order made prior to trial suppressing evidence * * * "

This section has been interpreted literally by the Supreme Court and is not limited to those cases where the defendant moves to suppress evidence obtained in violation of his or her constitutional rights. *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976).

[2] ORS 482.430(1)(c) provides:

"The division forthwith shall revoke any person's permit or license to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:

" * * * * * *

"(c) Any crime punishable as a felony in the commission of which a motor vehicle is used."

[3] ORS 482.500 provides, in relevant part:

"(1) Except as provided in subsection (2) of this section, any person whose permit, license or right to apply for a license is revoked under this chapter is not entitled to apply for or receive any new license until the expiration of one year from the date:

"(a) Of the conviction upon which the revocation was based, if no appeal was taken.

"(b) When his conviction was sustained by the appellate court, if an appeal was taken.

" * * * * * * "

whether a person's license has been suspended *or* revoked. ORS 487.560.[4]

■     The term revocation embraces the concept of finality. "Revocation" is defined by ORS 482.030(1) to mean:

" \* \* \* that the licensee's privilege to drive \* \* \* is *terminated.* A new license may be obtained only as permitted by law." (Emphasis added.)[5]

It follows that on March 14, 1978, defendant's license was *revoked* forever. The only way he could legally drive again was by applying for a *new* license as prescribed by law.

Reversed and remanded for trial.

---

[4] ORS 487.560 provides, in relevant part:

"(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division \* \* \* ."

[5] Compare the definition of "suspension" in ORS 482.030(3), which states:

" 'Suspension' means that the licensee's privilege to drive a vehicle is withdrawn *temporarily.* " (Emphasis added.)