**STATE of Alaska, Petitioner,**

v.

**Steve G. ROBERTSON, Respondent.**

**No. A–2330.**

Court of Appeals of Alaska.

Feb. 5, 1988.

Jeffrey D. Mahlen, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and SINGLETON, J.

## OPINION

BRYNER, Chief Judge.

The issue presented in this petition for review is whether a person who drives in violation of a limited license that is issued following a conviction for driving while intoxicated (DWI) is subject to a minimum jail term of ten days or thirty days. We have decided to grant the state's petition because we believe that it involves an important question of law upon which there is substantial ground for difference of opinion, and that an immediate decision will advance the public interest. Alaska R.App.P. 402(b)(2). We affirm the district court's ruling that the ten-day minimum sentence is applicable.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for petitioner.

Steve G. Robertson was convicted of DWI, and his driver's license was revoked for a period of ninety days, as required for a first DWI offender under AS 28.15.-181(c)(1).[1] In accordance with the provi-

1. AS 28.15.181 provides, in relevant part:

*Court suspensions, revocations, and limitations.* (a) Conviction of any of the following offenses is grounds for the immediate revocation of a driver's license:

....

(5) driving a motor vehicle while intoxicated;

....

(c) A court convicting a person of an offense described in (a)(5) ... of this section arising out of the operation of a motor vehicle for which a driver's license is required shall revoke that person's driver's license.... The court may not, except as provided in (e) of this section, grant limited license privileges for the following periods:

(1) not less than 90 days if, within the preceding 10 years, the person has not previously been convicted of an offense

(A) described in (a)(5) ... of this section....

(2) not less than one year if, within the preceding 10 years, the person has been previously convicted of one offense

(A) described in (a)(5) ... of this section....

(3) not less than 10 years if, within the preceding 10 years, the person has been previ-

ously convicted of more than one of the following offenses or has more than once been previously convicted of one of the following offenses:

(A) an offense described in (a)(5) ... of this section....

....

(e) A court revoking a driver's license under (c) of this section, or sustaining the action of the department under AS 28.15.165(c), may grant limited license privileges for the final 60 days during which the license is revoked if the

(1) revocation was for driving while intoxicated but not if the revocation was for refusal to submit to a chemical test of breath under AS 28.35.032;

(2) person has not been previously convicted within the preceding 10 years of an offense

(A) described in (a)(5) ... of this section....

(3) court determines that the person's ability to earn a livelihood would be severely impaired; and

(4) court determines that a limitation under AS 28.15.201 can be placed on the license that will enable the person to earn a livelihood without excessive danger to the public.

sions of AS 28.15.181(e),[2] the sentencing court issued Robertson a limited license for the final sixty days of the period of revocation. The license allowed him to drive during his hours of employment.

Robertson was thereafter convicted, under AS 28.15.291, of driving in violation of his limited license. Upon conviction, he contended that he was subject to the ten-day minimum jail sentence specified in subsection (a) of that statute; the state contended that Robertson was subject to the thirty-day minimum term specified in subsection (c). Alaska Statute 28.15.291 provides, in relevant part:

> *Driving while license cancelled, suspended, revoked or in violation of limitation.* (a) A person may not drive a motor vehicle on a highway or vehicular way or area at a time when that person's driver's license, or privilege to drive has been canceled, suspended or revoked in this or another jurisdiction, or when driving in violation of a limitation placed upon that person's license or privilege to drive in this or another jurisdiction. Except as provided in (c) of this section, upon conviction of a violation of this section, the court shall impose a sentence of imprisonment of not less than ten days.
>
> . . . .
>
> (c) The court shall impose a sentence of imprisonment of not less than 30 days ... upon conviction of a violation of this section if the person's driver's license was revoked under circumstances described in AS 28.15.181(c)(1) [requiring a license suspension of 90 days upon a first conviction of DWI]. The court shall impose a sentence of imprisonment of not less than 90 days ... upon conviction of a violation of this section if the person's driver's license was revoked under circumstances described in AS 28.15.-181(c)(2) or (3) [requiring one-year and ten-year revocations upon conviction for second and subsequent DWI offenses]....

District Court Judge Natalie K. Finn apparently concluded that, because Robertson was driving in violation of a limited license issued under AS 28.15.181(e), he was subject to the ten-day minimum jail term prescribed in subsection (a) of AS 28.15.291, rather than to the thirty-day minimum term prescribed in subsection (c). Judge Finn sentenced Roberterson to a term of ninety days with seventy-five days suspended. The state then filed this petition for review.

The issue on review is whether, at the time of his offense, Robertson's "driver's license was revoked under circumstances described in AS 28.15.181(c)(1)." *See* AS 28.15.291(c). The state contends that Robertson was subject to the thirty-day minimum term because his license was revoked for ninety days under AS 28.15.181(c)(1) following his DWI conviction. Robertson contends that he was subject only to the ten-day minimum term. He points out that, while his license was initially revoked for ninety days under AS 28.15.181(c)(1), a limited license was issued to him for the final sixty days of the revocation, in accordance with AS 28.15.181(e). Robertson thus reasons that his conviction in this case was for driving in violation of the conditions of a limited license issued under AS 28.15.-181(e), rather than for driving while his license was revoked under AS 28.15.-181(c)(1).

Robertson's argument is supported by the express language of AS 28.15.291(a), under which the legislature has expressly differentiated between driving while a license is revoked and driving "in violation of a limitation placed upon" a license. The omission in AS 28.15.291(c) of any parallel reference to driving in violation of a limited license is arguably an indication of the legislature's intent to exclude from the minimum thirty-day jail sentence persons convicted of violating the conditions of a limited license, as distinguished from those convicted of driving with a license that is altogether revoked.

**2.** AS 28.15.181(e) authorizes issuance of a limited license for the final sixty days of a first DWI offender's mandatory driver's license revoca-

tion. Relevant portions of the statutory language are set out in footnote 1, above.

For the legislature to draw such a distinction would not have been wholly irrational. As Robertson correctly notes, under AS 28.15.181(e) a limited license can only be issued following a first DWI conviction, and then only if the court is able to determine that the defendant is capable of driving "without excessive danger to the public." There is, accordingly, a rational basis upon which the legislature might have relied in deciding to subject persons convicted of driving in violation of a limited license to a lesser mandatory minimum penalty than those convicted of driving while their licenses were altogether revoked.

In opposition to Robertson, the state relies on AS 28.40.100(13), which defines "revoke" to mean "termination by formal action" and provides that a revoked license "may not be reissued, renewed, or restored during the time for which [it is] revoked." [3]

While this argument may have considerable merit, it is not wholly persuasive. For when literally construed, the legislative definition of "revoked" seems flatly inconsistent with the issuance of any limited license following a license revocation. Yet, as we have seen, when a person's license is revoked under AS 28.15.181(c)(1) for a first DWI offense, AS 28.15.181(e) expressly provides the court with authority to grant "limited license privileges for the final 60 days during which the license is revoked...."

We are aware of no specific legislative history to shed light on the issue presented in this case. We believe that the reference in AS 28.15.291(c) to a driver's license that has been "revoked under circumstances described in AS 28.15.181(c)(1)" is, at best, ambiguous. As we have observed on other occasions, ambiguous penal statutes must be construed in favor of the accused. *See, e.g., Thomas v. State*, 694 P.2d 789, 791

(Alaska App.1985); *State v. Rastopsoff,* 659 P.2d 630, 640 (Alaska App.1983). Accordingly, we conclude that AS 28.15.291(c) must, in the context of this case, be read to exclude any person who is convicted under AS 28.15.291(a) for driving in violation of "a limitation placed upon the person's license" under AS 28.15.181(e).[4]

The judgment of the district court is AFFIRMED.

COATS, J., not participating.

---

**3.** Similarly, the state cites to AS 28.15.211(d), which imposes on a person whose license has been revoked the burden of applying for a new license. The state points out that similar provisions have been construed to mean that, once revoked, a driver's license remains revoked until the driver whose license has been revoked applies for and obtains a valid license. *See, e.g.,*

*State v. Foster,* 54 Or.App. 405, 635 P.2d 11, 12 (1981).

**4.** Nothing in our opinion is meant to suggest that a trial court could not, as a matter of discretion and where warranted by the facts of the individual case, impose a jail sentence more stringent than the applicable mandatory minimum sentence.