**Robert G. HILER, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–2956.

Court of Appeals of Alaska.

Oct. 20, 1989.

John Holmes, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

James Hopper, Legal Intern, Elaine Vondrasek, Asst. Mun. Prosecutor, and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Robert G. Hiler was convicted upon his plea of no contest to the charge of driving while intoxicated (DWI), in violation of Anchorage Municipal Code (AMC) § 9.28.020(c). District Court Judge Ralph Stemp sentenced Hiler to ninety days in jail with seventy days suspended and a $500 fine. The court also revoked Hiler's driver's license for one year.

Hiler appeals, arguing that the district court erred in sentencing him as a second-time DWI offender, rather than as a first offender. We affirm.

Hiler was arrested for DWI on May 31, 1984. He was released on his own recognizance after his arraignment on June 1, 1984. Hiler failed to appear for trial call on September 14, 1984, and had no further contact with the court until January, 1989. Hiler filed a request that the bench warrant issued by the court on September 14, 1984, be quashed. District Court Judge Michael L. Wolverton quashed the bench warrant, and Hiler subsequently appeared and pled no contest to the charge of DWI.

At the sentencing hearing before District Court Judge Ralph Stemp, the municipal attorney argued that Hiler should be sentenced under AMC § 9.28.020(c)(2) as a second-time DWI offender, because he had previously been convicted of DWI in February, 1977. Hiler's defense counsel argued that the 1977 conviction should not be con-

sidered by the sentencing court, since it had occurred more than ten years prior to the entry of the present conviction. Judge Stemp rejected the defense argument, ruling that any DWI conviction entered in the ten years preceding the commission of a subsequent offense should be counted as a prior conviction for sentencing purposes, regardless of the date of the conviction for the subsequent offense.

Anchorage Municipal Code § 9.28.020(c)(2) provides:

> c. Upon conviction under this section, the court shall impose a minimum sentence of:
>
> . . . . .
>
> 2. Imprisonment of not less than 20 consecutive days and a fine of not less than $500 if, within the preceding 10 years, the person has been previously convicted once in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032, AMC 9.28.022 or another law or ordinance with substantially similar elements.

Hiler argues that because he was not convicted of DWI within the ten years preceding his *conviction* for the present offense, he should not have received the second-offender sentence provided for in subsection (c)(2) of AMC § 9.28.020. He contends that the language of the ordinance is unambiguous, that it states definitively that the "preceding ten years" are calculated from the date of the new conviction. In Hiler's view, the introductory phrase "upon conviction under this section" establishes the time from which "the preceding ten years" is calculated. We disagree. The words "upon conviction under this section" unambiguously establish only the time at which sentence shall be imposed. The language of the ordinance is ambiguous as to the date from which prior convictions are to be measured.

The language of AMC § 9.28.020(c)(2), under which Hiler was sentenced, is identical to that of AS 28.35.030(c), the state's DWI statute. We are aware of no specific legislative history for either the statute or the ordinance which sheds light on the issue presented in this case.

 Generally, ambiguous penal statutes are to be strictly construed in favor of the accused. *State v. Robertson*, 749 P.2d 902, 905 (Alaska App.1988); *Conner v. State*, 696 P.2d 680, 682 (Alaska App.1985). This rule, however, is not an absolute. As we stated in *Belarde v. Anchorage*, 634 P.2d 567 (Alaska App.1981):

> Strict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." The intent of the legislature must govern and the policies and purposes of the statute should not be defeated.

*Id.* at 568 (citing C. Sands, *Sutherland Statutory Construction* § 59.06, at 18–19 (4th ed. 1974)). Applying these principles, we are convinced that the legislature and the Anchorage Municipal Assembly intended that all DWI convictions entered in the ten years preceding the *commission* of a new offense would be considered prior convictions for the purpose of determining the sentence for that offense.

The ultimate purpose of the statutes and ordinances prohibiting driving while intoxicated is to promote public safety. The interpretation we adopt here promotes that purpose by assuring that anyone who is caught driving while intoxicated within ten years of a previous conviction will receive the enhanced sentence designated for repeat offenders. The interpretation urged by Hiler would shorten the period during which a second or subsequent offense would be treated as such for sentencing purposes. For a second conviction to be entered within ten years of the first, the second offense would generally have to occur within only nine or nine and one-half years of the first conviction.

Hiler's proposed interpretation would further frustrate the purpose of the ordinance by enabling a defendant to avoid the statutory penalties through scheduling de-

lays and failures to appear at scheduled hearings. In the present case, we are not confined to mere speculation as to the possibility of manipulation of the sentencing laws. Hiler's failure to appear for trial call as ordered by the court, followed by his four-year avoidance of an outstanding bench warrant, presents a particularly egregious example of the type of conduct that would be rewarded with a lesser sentence under the rule he urges us to adopt. Common sense tells us that the legislature and the municipal assembly could not have intended such a result, and nothing in the language or the background of the statutes convinces us otherwise.[1]

Finally, our interpretation of AMC § 9.28.020 is consistent with the rule that only those convictions entered prior to the commission of the current offense are counted as prior convictions. We first stated this rule in a case involving the presumptive sentencing statutes, *State v. Rastopsoff*, 659 P.2d 630, 636 (Alaska App. 1983), and have since applied it to DWI convictions. *Thomas v. State*, 694 P.2d 789 (Alaska App.1985). In order to reconcile this rule with the rule proposed by Hiler, we would have to count as prior convictions only those convictions entered before *commission* of the current offense, but not more than ten years prior to *conviction* on the current offense. Here again, we would be dealing with an amorphous period of something less than ten years, its length in each case determined by fortune and/or cunning.

Applying common sense to the statutory language, we conclude that the legislature and the municipal assembly intended that all DWI convictions entered against the defendant in the ten years prior to the commission of the current offense are to be considered prior convictions for sentencing purposes.

Hiler's sentence is AFFIRMED.

COATS, J., dissents.

COATS, Judge, dissenting.

Anchorage Municipal Code § 9.28.020(c) provides:

c. *Upon conviction* under this section, the court shall impose a minimum sentence of:

. . . .

2. Imprisonment of not less than 20 consecutive days and a fine of not less than $500 if, within the preceding 10 years, the person has been previously convicted once in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032, AMC 9.28.022 or another law or ordinance with substantially similar elements.

(Emphasis added.)

In interpreting a statute, we first look to the plain meaning of its words. "Upon conviction" is the time period directly referred to in the statute. The ordinance comes into play at the time of sentencing. A defendant is normally considered to be convicted when the court imposes sentence. *Sawyer v. State*, 663 P.2d 230 (Alaska App. 1983). The time when the defendant is

1. We are also guided by the definition of "prior conviction" in another recidivist sentencing scheme, the presumptive sentencing statutes, AS 12.55.125–AS 12.55.165. *See Tulowetzke v. State*, 743 P.2d 368, 370 (Alaska 1987). Like the DWI statutes, the presumptive sentencing scheme addresses the problem of recidivism by prescribing increased sentences for repeat offenders. Because the two statutory schemes further the same purpose, we can assume in the absence of indications to the contrary that the legislature intended that prior convictions would have the same effect under both statutes.
 Alaska Statute 12.55.145(a)(1) provides:
 A prior conviction may not be considered if a period of 10 or more years has elapsed be-

tween the date of the defendant's unconditional discharge on the immediately preceding offense and *commission of the present offense* unless the prior conviction was for an unclassified or class A felony[.]
(Emphasis added.) With this statute the legislature explicitly designated the date of the commission of the subsequent offense as the operative date for the calculation of prior convictions. We believe that the legislature's intent is consistent throughout the various recidivist sentencing statutes: that a person who cannot go for ten years after the discharge of one offense without committing another offense is to be sentenced as a repeat offender.

sentenced on his second conviction therefore seems to be the point from which we would count back the ten-year period.

This interpretation is consistent with the date from which we would count the defendant's first conviction: the date he was sentenced on the first offense. Criminal statutes must be narrowly read and strictly construed against the government. C. Sands, *Sutherland Statutory Construction* § 59.04, at 13 (4th ed. 1974), *Kinnish v. State*, 777 P.2d 1179 (Alaska App., 1989). The majority's decision to read into the ordinance that the ten-year time period runs from when the defendant was sentenced on his first offense to when he committed his second offense appears to me to be inconsistent with the plain language of the statute and inconsistent with the policy of strict construction of criminal statutes.

Perhaps this case is an illustration of the principle that "hard cases make bad law." The defendant in this case managed to evade the ten-year period because he failed to reappear after arraignment. It may very well make sense to have an ordinance which provides that the ten-year period should run from the time the defendant is sentenced on his first offense until the date he commits his second offense. This would prevent the defendant from being able to maneuver the effective date of his second conviction, as was done in this case. However, it is the municipal assembly's job to pass ordinances and set policy. It is our job to interpret the ordinances in a consistent and predictable manner. I am reluctant to "improve" the ordinance in the manner adopted by the majority opinion. Even if the mandatory minimum penalties which apply to a defendant convicted of a second offense within ten years did not apply to Hiler, nothing prevents the court from exercising its discretion to impose the same penalty. This would certainly seem appropriate since the only reason that Hiler would not fall under the mandatory minimum penalty for a second offender is because he did not appear. Therefore, I fail to see that relying on the plain meaning of the ordinance creates an irrational result.