**Alec R. WIK, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. S–3241.**

Supreme Court of Alaska.

Feb. 2, 1990.

Rehearing Denied March 13, 1990.

Robert Merle Cowan, Law Offices of Cowan & Gerry, Kenai, for appellant.

Thom F. Janidlo, Asst. Atty. Gen., Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

### I. INTRODUCTION

When a person is convicted of driving while intoxicated (DWI), both the court which sentences him and the Division of Motor Vehicles (DMV) must revoke his driver's license. The court must revoke the license for at least 90 days if the person has had no prior DWI convictions during the preceding ten years, for at least one year if he has had one prior conviction, and for at least ten years if he has had two or more prior convictions during that period. AS 28.15.181(c). The DMV must revoke the license for the "appropriate minimum period for court revocations." AS 28.15.165(d). *Tulowetzke v. State, Dep't of Pub. Safety,* 743 P.2d 368, 369 (Alaska 1987).

This appeal concerns the date used to calculate whether a person convicted of driving while intoxicated (DWI) or failure to submit to a breathalyzer test has been convicted of a similar offense or offenses within the preceding ten years. We hold

that the date of the latest arrest must be used in determining this calculation and therefore affirm the judgment of the superior court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Alec Wik was arrested for DWI on September 21, 1987 and was convicted of this offense on December 11, 1987. He had been convicted of refusal to submit to a breathalyzer test in October, 1983, and of DWI, in October, 1977.

In the criminal proceeding, the district court apparently interpreted AS 28.15.181 as requiring the use of Wik's latest conviction (December 11, 1987) to determine if, within the preceding ten years, Wik had been convicted of a similar offense.[1] As a result, only Wik's October, 1983 conviction was within the preceding ten years and the district court revoked Wik's license for one year under AS 28.15.181(c)(2).

The Division of Motor Vehicles (DMV), in the subsequent civil proceeding, interpreted AS 28.15.181 as requiring the date of Wik's arrest and receipt of the Notice and Order of Revocation (September 21, 1987) as the date from which the preceding ten years

should be calculated. Therefore, DMV concluded that both Wik's 1977 and 1987 convictions were relevant and AS 28.15.-181(c)(3) required a ten-year revocation of Wik's license.

Wik requested an administrative review of DMV's decision. The hearing officer affirmed the ten-year revocation. Wik then appealed to the superior court, which also affirmed DMV's decision. The superior court stated that the date from which the preceding ten years should be calculated is the date of the arrest, reasoning that any other date would be "subject to great manipulation."

Wik appeals the administrative revocation, asserting that the DMV should have revoked his license for one year rather than ten.

## III. DISCUSSION

■ The principal issue raised by Wik is one of statutory interpretation: what date does AS 28.15.181 contemplate in calculating whether a person convicted of DWI or refusal to submit to a breathalyzer test has been previously convicted of a similar offense or offenses in the preceding ten years.[2] The standard of review for issues

---

1. AS 28.15.181 reads in pertinent part:
    (a) Conviction of any of the following offenses is grounds for the immediate revocation of a driver's license:

    . . . . .

    (5) driving a motor vehicle while intoxicated;

    . . . . .

    (8) refusal to submit to a chemical test under AS 28.35.032;

    . . . . .

    (c) A court convicting a person of an offense described in (a)(5) or (8) of this section arising out of the operation of a motor vehicle for which a driver's license is required shall revoke that person's driver's license. The revocation may be concurrent with or consecutive to an administrative revocation under AS 28.15.165. The court may not, except as provided in (e) of this section, grant limited license privileges for the following periods:

    . . . . .

    (2) not less than one year if, within preceding 10 years, the person has been previously convicted of one offense
    (A) described in (a)(5) or (8) of this section; or

    (B) under a law or ordinance in another jurisdiction with elements substantially similar to an offense described in (a)(5) or (8) of this section;
    (3) not less than 10 years if, within the preceding 10 years, the person has been previously convicted of more than one of the following offenses or has more than once been previously convicted of one of the following offenses:
    (A) an offense described in (a)(5) or (8) of this section; or
    (B) an offense under law or ordinance in another jurisdiction with elements substantially similar to an offense described in (a)(5) or (8) of this section.

    . . . .

2. Wik initially asserts that DMV is collaterally estopped from setting a different term of revocation from the district court because the district court already set the term and DMV did not object. The district court, however, erred in using the date of conviction to calculate the number of convictions Wik had for similar offenses in the preceding ten years. Collateral estoppel does not act to bar DMV from setting a different term of revocation from the district

of statutory interpretation is the substitution of judgment test. *Norton v. Alcoholic Beverage Control Bd.*, 695 P.2d 1090, 1092 (Alaska 1985). This is the same standard set out in AS 28.15.166(m) for superior court review of the agency action because we conduct independent review: "The court may reverse [DMV's] determination if the court finds that [DMV] misinterpreted the law, acted in an arbitrary and capricious manner, or made a determination unsupported by the evidence in the record." AS 28.15.166(m); *Miller v. State, Dep't of Pub. Safety*, 761 P.2d 117, 118 n. 2 (Alaska 1988).

The Alaska Court of Appeals decided a virtually identical issue to that presented by this appeal in *Hiler v. Municipality of Anchorage*, 781 P.2d 24 (Alaska App.1989). In *Hiler*, the court of appeals interpreted the language of Anchorage Municipal Code (AMC) 09.28.020(c)(2),[3] concluding "that the legislature ... intended that all DWI convictions entered in the ten years preceding the *commission* of a new offense would be considered prior convictions for the purpose of determining the sentence for that offense." *Id.* at 25 (emphasis in original).

Hiler had appealed a district court decision which sentenced him as a second-time DWI offender. *Id.* at 24. He was first convicted for DWI in February, 1977. *Id.* In May, 1984, he was once again arrested for DWI, but failed to appear for trial, having no further contact with the court until January, 1989. *Id.* The court of appeals rejected Hiler's argument that because he was not *convicted* of his second DWI offense until more than ten years from the date of his first DWI conviction, he should be sentenced as a first-time offender. *Id.* at 25–26.

Two factors important in the court of appeals' decision were: (1) "the ultimate purpose of the statutes ... prohibiting driving while intoxicated is to promote public safety" and an interpretation of the statute using the date of the latest arrest from which to calculate the preceding ten years would assure "that anyone who is caught driving while intoxicated within ten years of a previous conviction will receive the enhanced sentence designated for repeat offenders;" and (2) an interpretation using the date of conviction of the latest offense "would further frustrate the purpose of the ordinance by enabling a defendant to avoid the statutory penalties through scheduling delays and failures to appear at scheduled hearings." *Id.* at 25–26.[4]

---

court if the district court violated AS 28.15.-181(c) in setting its revocation period. *Tulowetzke*, 743 P.2d at 370 n. 3.

Wik also asserts that his due process and equal protection rights were violated and that the applicable law is void for vagueness. The extent to which these assertions are briefed is minimal. Wik states: "If the superior court's determination [on use of arrest date, is correct], then Mr. Wik objects on the grounds that he was not given adequate notice, his due process rights were violated, and [the statute] is void for vagueness.... Due process and fundamental fairness require consistency under the law." This slight and general mention of constitutional challenges does not constitute adequate briefing and they are considered abandoned. Alaska Appellate Rule 212(c); *Cf. Wren v. State*, 577 P.2d 235, 237 n. 2 (Alaska 1978); *Kristich v. State*, 550 P.2d 796, 804 (Alaska 1976); *Transamerica Title Ins. Co. v. Ramsey*, 507 P.2d 492, 499 (Alaska 1973); *Wernberg v. Matanuska Elec. Ass'n.*, 494 P.2d 790, 794 (Alaska 1972).

3. AMC 09.28.020 reads in pertinent part:
   c. *Upon conviction under this section*, the court shall impose a minimum sentence of:
   . . . .

2. Imprisonment of ... *if, within the preceding 10 years, the person has been previously convicted....*
(Emphasis added).
   AMC 09.28.020 is substantively identical to the state's DWI sentencing statute, AS 28.35.030(c), which reads in pertinent part:
   (c) ... *Upon conviction under this section* the court shall impose a minimum sentence ... *if, within the preceding 10 years, the person has been previously convicted....*
(Emphasis added).
   In turn, these laws are similar to AS 28.15.-181. *See supra* n. 1. While legislative history for any of these laws would be helpful in resolving the issue on appeal, the court of appeals could not find any relevant legislative history for AMC 09.28.020(c)(2) or AS 28.35.030(c), and we are aware of none for AS 28.15.181 which would provide guidance.

4. Wik attempts to distinguish *Hiler* on the grounds that no issues of collateral estoppel were present in that case. As mentioned earlier, however, collateral estoppel is irrelevant if a mistake was made by the district court. *Tulowetzke*, 743 P.2d at 370 n. 3.

We also have noted the importance of the policies of promoting public safety and preventing manipulation in construing statutes prohibiting driving while intoxicated. In *Tulowetzke*, we found that

> [t]o count multiple DWI convictions as a single conviction simply because they were entered the same day would only encourage habitual drunk drivers to plead guilty to accumulated DWI charges on the same day, thus reducing the length of their future driver's license revocations, at the expense of public safety.

*Tulowetzke*, 743 P.2d at 371.

 The application of these policies to the case at hand compels the conclusion that the number of previous convictions should be calculated from the date of the arrest. Wik's situation is analogous to *Hiler;* using the date of arrest would assure that anyone who is caught driving while intoxicated within ten years of a previous conviction will receive the longer revocation designated for repeat offenders and avoid the possibility of manipulation of the process by the defendant. Just as counting multiple DWI convictions as a single conviction because they were entered on the same day would encourage manipulation, *Tulowetzke*, 743 P.2d at 371, so would calculating previous convictions from the date of the latest conviction. A defendant would be well advised to use procedural tactics to delay the conviction date, thus minimizing the number of relevant previous convictions. *See also Hardison v. Boyd*, 174 Ga.App. 71, 329 S.E.2d 198, 200 (1985) (Date of arrest is date to be used for purpose of deciding upon habitual offender status; "Were it otherwise, a defense attorney could thwart the intent of the statute by securing a continuance ... to take an impending conviction outside the ... period provided in the statute.") *Robinson v. Texas Dep't of Pub. Safety*, 586 S.W.2d 604, 606 (Tex.Civ.App.1979) ("[T]rial court properly concluded that Rob-

inson violated his probation, based on a showing that the offense of speeding had occurred during the period of probation.... A license is not suspended to visit additional punishment on an offender, 'but in order to protect the public against incompetent and careless drivers.'" (Citations omitted)).

 Finally, Wik urges the court to strictly construe the statute against the state. While it is true that ambiguous penal statutes are generally to be strictly construed in favor of the accused, *State v. Robertson*, 749 P.2d 902, 905 (Alaska App. 1988), this rule is not an absolute. *Belarde v. Municipality of Anchorage*, 634 P.2d 567, 568 (Alaska App.1981). "The intent of the legislature must govern and the policies and purposes of the statute should not be defeated." *Id.*

The use of a date other than that of the arrest to calculate whether a person has previous convictions would lead to frustration of the purpose of the statute—protecting the public—and allow possible manipulation of the system by the litigants. As a result, strict construction of penal statutes against the state does not compel the conclusion that previous convictions should be calculated from the date of entry of judgment of conviction for the present offense.

## IV. CONCLUSION

The decision of the superior court is AFFIRMED.

---

Wik alternatively argues that *Hiler* should not be applied retroactively. Wik's argument on this point consists of two sentences and does not cite any authority. Issues that are not adequately briefed, such as this, are considered abandoned on appeal. Alaska R.App.P. 212(c); *Wren*, 577 P.2d at 237 n. 2; *Kristich*, 550 P.2d at 804; *Transamerica*, 507 P.2d at 499; *Wernberg*, 494 P.2d at 794.