Argued and submitted August 20, reversed and remanded November 3, 1993, reconsideration denied February 2, petition for review allowed April 5, 1994
(318 Or 582)

STATE OF OREGON,
*Appellant,*

*v.*

RONALD LEROY DANIELS,
*Respondent.*

(10-92-02735; CA A78017 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL RAYMOND HAMMERTON,
*Respondent.*

(10-92-06751; CA A78020)

STATE OF OREGON,
*Appellant,*

*v.*

JOHN MICHAEL WALMSLEY,
*Respondent.*

(10-92-09029; CA A78025)
(Cases Consolidated)

862 P2d 524

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

David E. Groom, Deputy Public Defender, argued the cause for respondents. With him on the brief was Sally L. Avera, Public Defender.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

The state appeals from three orders of the trial court granting defendants' motions to exclude evidence in each of three cases which have been consolidated for appeal. ORS 138.060(3). We review for errors of law, *Dyer v. R.E. Christiansen Trucking, Inc.*, 118 Or App 320, 848 P2d 104, *rev allowed* 317 Or 583 (1993), and reverse.

The Motor Vehicles Division revoked the driving privileges of all three defendants. The licenses of defendants Walmsley and Hammerton were revoked for unauthorized use of a motor vehicle. ORS 809.410(4). Defendant Daniels' license was revoked three times, most recently as a habitual traffic offender. ORS 809.600. Because of the grounds on which their licenses were revoked, all defendants were subject to being charged with felony driving while revoked if they operated a motor vehicle while their licenses remained revoked. ORS 811.182.[1]

■■ Each of the revocation orders specified a period of revocation. All three defendants were charged with felony driving while revoked for driving after the period of revocation had expired on their respective revocation orders, but before they had obtained new drivers' licenses. Before trial, each defendant moved to prohibit introduction of the license revocation order,[2] claiming that it was irrelevant because the

---

[1] ORS 811.182 provides, in part:

"(1) A person commits the offense of criminal driving while suspended or revoked * * * if the person violates ORS 811.175 and the suspension or revocation is one described in this section * * *.

"* * * * *

"(3) The crime is a Class C felony if the suspension or revocation resulted from any of the following:

"(a) Habitual offender status under ORS 809.640.

"* * * * *

"(c) Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle." ORS 811.175 provides, in part:

"(1) A person commits the offense of infraction driving while * * * revoked * * * if the person * * *:

"(a) Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the division."

[2] Defendant Daniels moved to prohibit introduction of three separate orders.

period of revocation specified in each had expired. The trial court granted each defendant's motion.

The state acknowledges that the revocation periods specified in each revocation order had expired before the incidents for which defendants were charged, but argues that the trial court nevertheless erred in excluding the orders. It cites *State v. Foster*, 54 Or App 405, 635 P2d 11 (1981), and argues that defendants' driving privileges remained revoked even after the period of revocation had expired, because defendants had not taken steps to reestablish their driving privileges. Therefore, it argues, the revocation orders should have been admitted as relevant evidence of the "revoked" status of defendants' driving privileges at the time of the incidents for which they are charged.

In *State v. Foster, supra,* we held that the trial court erred in suppressing evidence of an order revoking the defendant's driving privileges, even though the revocation period had expired before the driving incident for which he was charged. We said:

> "The term revocation embraces the concept of finality. 'Revocation' is defined by ORS 482.030(1) to mean:
>
> " '* * * that the licensee's privilege to drive * * * is *terminated*. A new license may be obtained only as permitted by law.' (Emphasis added.)
>
> "It follows that [on the date of the revocation,] defendant's license was *revoked* forever. The only way he could legally drive again was by applying for a *new* license as prescribed by law." 54 Or App at 408. (Emphasis in original; footnote omitted.)

Since *Foster*, the legislature has reorganized and revised the motor vehicle code. Or Laws 1983, ch 338; Or Laws 1985, ch 16. However, the definition of revocation remains virtually unchanged.[3] Defendants concede that *Foster* has not been affected by the statutory changes. They also concede that revocation continues after the expiration of the period of revocation. They argue that a defendant who drives after the period of revocation has expired may be cited only for an

---

[3] ORS 801.435 provides:

" 'Revoked' with reference to driving privileges * * * means the termination thereof with new driving privileges * * * obtainable only as permitted by law."

infraction for driving while revoked, instead of being charged with felony driving while revoked.

The classification of driving while revoked as a felony is based on *the reason for the original revocation*, not on whether the revocation period has expired. ORS 811.182(3). The revocation period is simply the statutory period of time during which a person whose license has been revoked may not attempt to reestablish driving privileges. ORS 809.390(2). Nothing in the motor vehicle statutes provides for a felony charge to be reduced to an infraction after the passage of time, and we will not insert that which has been omitted. ORS 174.010.

The orders were evidence of both the "revoked" status of each defendant's driving privileges and of the reason for the original revocation. Therefore, they were relevant to prove an element of the crime with which each defendant was charged. The trial court erred in granting defendants' motions to exclude.

Reversed and remanded.