Argued and submitted September 9, decision of the Court of Appeals reversed and orders of the circuit court affirmed December 29, 1994

STATE OF OREGON,
*Respondent on Review,*

*v.*

MICHAEL RAYMOND HAMMERTON,
*Petitioner on Review.*

(CC 10-92-06751; CA A78020 (Control))

STATE OF OREGON,
*Respondent on Review,*

*v.*

JOHN MICHAEL WALMSLEY,
*Petitioner on Review.*

(CC 10-92-09029; CA A78025)
(SC S41901*)

886 P2d 1012

---

* (Previously consolidated with *State v. Daniels,* CC 10-92-02735; CA A78017.)

David E. Groom, Deputy Public Defender, Salem, argued the cause for petitioners on review. With him on the petition was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on a response to the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

CARSON, C. J.

## CARSON, C. J.

This case comes before this court on a petition for review of a consolidated appeal of three pretrial orders in three cases involving traffic crimes. In each case, defendant was charged by indictment with the offense of felony driving while revoked. Because the driving privileges of defendants Hammerton and Walmsley were revoked under the same statute, we decide their cases in this consolidated opinion. Defendant Daniels' driving privileges were revoked under different statutes that have been superseded, and we decide his case separately. By separate order, we severed *State v. Daniels* from *State v. Hammerton* and *State v. Walmsley*.

Defendant Hammerton's driving privileges were revoked for a period of one year on September 6, 1990. Nearly two years later, he was charged by indictment with felony driving while revoked on August 11, 1992. Defendant Walmsley's driving privileges were revoked for a period of one year on April 19, 1986. Six and one-half years later, he was charged by indictment with felony driving while revoked on October 24, 1992. The parties agree that the statutorily specified one-year period had elapsed by the time that each current offense allegedly occurred. Defendants and the state also agree that neither of defendants' driving privileges had been reinstated at the time that the charged offenses occurred.

In each case, defendant moved, before trial, to exclude[1] from evidence as irrelevant the order revoking his driving privileges because the "revocation period" in each order had expired before the date of the charged offense. Defendants argued that, because the revocation orders had expired before the time of the alleged offenses, the revocation orders were not relevant to whether defendants were driving while revoked on the dates of the charged offenses. In both cases, the trial judge granted the motion to exclude the revocation orders. The state appealed. In a consolidated

---

[1] Each motion was entitled "Motion to Prohibit Introduction." For the purposes of pretrial appeal, the parties and the Court of Appeals apparently have treated the motions as motions to suppress. *See* ORS 138.060(3) (granting the state an appeal from "[a]n order made prior to trial suppressing evidence"); *see also State v. Koennecke*, 274 Or 169, 172-73, 545 P2d 127 (1976) (pretrial order precluding testimony by police officers was an order to suppress evidence for the purposes of ORS 138.060). We shall do likewise.

appeal, the Court of Appeals reversed, holding that revocation of driving privileges is indefinite and that "[t]he revocation period is simply the statutory period of time during which a person whose license has been revoked may not attempt to reestablish driving privileges." *State v. Daniels*, 124 Or App 420, 425, 862 P2d 524 (1993). Accordingly, the Court of Appeals held that the revocation orders were relevant to show that defendants were driving while revoked. *Id.*

We allowed defendants' petition for review and now reverse the decision of the Court of Appeals. The trial court's orders granting defendants' motions to exclude the revocation orders are affirmed.

Defendants were charged with felony driving while revoked under ORS 811.182,[2] which provides, in part:

"(1)   A person commits the offense of criminal driving while suspended or revoked * * * if the person violates ORS 811.175 and the suspension or revocation is one described in this section * * *.

"* * * * *

"(3)   The crime is a Class C felony if the suspension or revocation resulted from any of the following:

"* * * * *

"(c)   Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle."

ORS 811.175, referred to in ORS 811.182, provides, in part:

"(1)   A person commits the offense of infraction driving while suspended or revoked * * * if the person does any of the following:

"(a)   *Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the Department of Transportation.*

"* * * * *

"(4)   The offense described in this section, infraction driving while suspended or revoked, * * * is a Class A traffic

---

[2] Defendants were charged with offenses that occurred in 1992. In 1993, the legislature amended ORS 811.182 in a way not relevant to this case. Or Laws, ch 305, § 2. Accordingly, we cite to the current version of the statute.

infraction except as otherwise provided in ORS 811.182."
(Emphasis added.)

Defendants argue that their driving privileges were *revoked* only for the length of the one-year "revocation period" specified in ORS 809.410(4).[3] They acknowledge that they did not have driving privileges at the time of the alleged offenses but argue that their privileges were no longer revoked and that their right to apply for driving privileges no longer was impaired. Defendants contend that, after the statutorily specified "revocation period" was over, they were required to apply for driving privileges through the ordinary process. Consequently, as defendants would have it, because they drove after the revocation periods had expired, but before their driving privileges had been reinstated, they could have been charged only with the Class B traffic infraction of driving without driving privileges in violation of ORS 807.010.[4]

The net effect is that, if defendants could be charged with either felony driving while revoked (ORS 811.182) or infraction driving while revoked (ORS 811.175) based on the revocations set out above, the revocation orders are relevant to prove guilt, as argued by the state. If, on the other hand, defendants could be charged with only the infraction of driving without driving privileges (ORS 807.010) based on those revocations, the revocation orders are not relevant, as now argued by defendants.[5] *See* OEC 401 (Relevant evidence

---

[3] ORS 809.410(4) provides, in part:

"Any felony conviction with proof of a material element involving the operation of a motor vehicle constitutes grounds for revocation of driving privileges. The following apply to this subsection:

"* * * * *

"(b) *The revocation shall be for a period of one year* from the date of revocation except that the department shall not reinstate any driving privileges to the person until the person complies with future responsibility filings." (Emphasis added.)

[4] ORS 807.010(1) provides:

"A person commits the offense of vehicle operating without driving privileges if the person operates a motor vehicle upon a highway or premises open to the public in this state and the person does not have an appropriate grant of driving privileges from this state in the form of a license, driver permit, indorsement or statutory grant of driving privileges allowing the person to engage in the particular type of operation."

[5] Defendants were not charged with driving without driving privileges. More-

is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

To resolve the inquiry, we must decide what the legislature intended when it made it an offense for a person to drive a motor vehicle *"during a period when the person's driving privileges or right to apply for driving privileges have been * * * revoked."* ORS 811.175. (Emphasis added.) *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993) ("In interpreting a statute, the court's task is to discern the intent of the legislature."). As always, we begin with the text and context of the provision. *Id.*

The central question is whether "revocation" ends at the completion of the statutorily specified "revocation period" (here, one year) or whether it remains in effect until the person whose driving privileges have been revoked completes the steps necessary to reinstate his or her driving privileges. The statute specifies that it is an offense to drive during a "period" when a person's driving privileges are revoked. ORS 811.175. The use of the term "period" suggests that revocation is not indefinite and that ORS 811.175 and 811.182 apply only to people who drive during the statutorily specified "revocation period." Read alone, however, the text of the statute is not clear.

We also look to the context of the statutory provisions during the first level of our analysis. *PGE v. Bureau of Labor and Industries, supra,* 317 Or at 610. The context of the statutes includes other provisions of the same statute and other related statutes. *Id.* at 611. In that regard, the state relies heavily upon the contrast between the statutory definition of "revoked" and the definition of "suspend." ORS 801.435 provides that "revoked" means: "[T]he termination [of driving privileges] with new driving privileges * * * obtainable only as permitted by law." ORS 801.515 provides, in

---

over, driving without driving privileges is not a lesser-included offense of driving while suspended or revoked. *See* ORS 807.010(3) ("Nothing in this section [operating vehicle without driving privileges] is applicable to a person who is driving while suspended or revoked in violation of ORS 811.175 and 811.182. Persons who violate ORS 811.175 or 811.182 are subject to the provisions and penalties provided therein and are not subject to the penalties and provisions of this section.").

part: " 'Suspend' * * * means the temporary withdrawal of the * * * driving privileges."

The state argues that, because revocation "terminates" driving privileges, revocation is an indefinite state that does not end until the person reapplies for and obtains driving privileges. The state argues further that, if "revocation" is not indefinite, then there is no meaningful distinction between the "revocation" and the "suspension" of driving privileges.

Defendants acknowledge that revocation terminates driving privileges, but argue that the "revocation period" ends at the time when the statute allows the person to reapply for driving privileges. They argue that revocation and suspension are still distinct because, after a person's driving privileges are revoked and the revocation period is over, the person must reapply for driving privileges. ORS 809.390(3). To reapply for driving privileges, the person whose license was revoked must obtain driving privileges in the same way as a person who is applying for privileges for the first time. *See* ORS 807.060 *et seq* (setting forth requirements for obtaining driving privileges). On the other hand, after a suspension period expires, the suspended driver may have his or her driving privileges reinstated upon request, without further requalification by the suspended driver.[6] ORS 809.380(3).

---

[6] The state's argument is further called into question by a later enactment of the legislature. Or Laws 1993, ch 761, § 2. ORS 809.235 (enacted in 1993) provides, in part, that a person's driving privileges shall be

"(1) * * * *permanently revoked* if the person is convicted of any degree of murder or of manslaughter in the first degree and the court finds that the person intentionally used a motor vehicle as a dangerous weapon resulting in the death of the victim.

"(2) No sooner than seven years after a person whose privileges are revoked as described in subsection (1) of this section is released on parole or post-prison supervision, the person may file a petition in the circuit court of the county in which the person resides for an order restoring the person's driving privileges." (Emphasis added.)

The 1993 legislature recognized the distinction between suspension and revocation and provided a third option — *permanent* revocation. That third option further suggests that there is a distinction between suspension and revocation that is based upon the process for reinstatement rather than the period of suspension or revocation. *See also State v. Daniels*, 320 Or 466, 473-74, 886 P2d 1019 (1994) (holding that a revocation under the former habitual traffic offender statute was indefinite because the person whose license was revoked had to obtain a court order to reinstate driving privileges).

The statutory definitions do not answer completely the question whether, after the revocation period, defendants' driving privileges are still "revoked," or instead, simply are nonexistent because they have been terminated and not reinstated.

As noted above, ORS 809.410(4), under which both defendants' driving privileges were revoked, provides, in part:

> "Any felony conviction with proof of a material element involving the operation of a motor vehicle constitutes grounds for revocation of driving privileges. The following apply to this subsection:
>
> "* * * * *
>
> "(b) *The revocation shall be for a period of one year* from the date of revocation except that the department shall not reinstate any driving privileges to the person until the person complies with future responsibility filings." (Emphasis added.)

The language of the statute is quite clear: The revocation *shall be* for a *period of one year*. That language suggests that revocation under ORS 809.410 terminates a person's driving privileges, but that "revocation" lasts only for a period of one year.

Another provision of the Oregon Vehicle Code also implies that "revocation" continues only as long as the period specified in the statute and the revocation order. ORS 807.060 provides, in part:

> "The Department of Transportation shall not grant driving privileges to a person under a license if the person is not eligible under this section. The following are not eligible for a license:
>
> "* * * * *
>
> "(13) A person while the person's driving privileges *are revoked* in this state." (Emphasis added.)

The state argues that driving privileges are "revoked" until the person reapplies and is granted driving privileges. The difficulty with the state's construction of the statutory scheme, however, is that, if it were correct, a person whose driving privileges had been revoked would *never* be eligible to obtain driving privileges. This would be so because, under ORS 807.060(13), a person whose driving privileges are

revoked is ineligible *to apply* for a driver license. If, on the other hand, defendants' construction is correct, and "revocation" lasts only until the "revocation period" expires, the person is not disqualified from applying for driving privileges under ORS 807.060 after the revocation period has elapsed, because his or her driving privileges are no longer "revoked."

■ The statutes quoted above mirror the language contained in ORS 811.175(a), which states that it is an offense to drive "during a *period when the person's driving privileges or right to apply for driving privileges have been* * * * *revoked.*" (Emphasis added.) The text and context, read together, suggest that the "period when the person's driving privileges have been * * * revoked" refers to the statutorily specified "revocation period" (one year), rather than to the period that extends from revocation until reinstatement of driving privileges. After the statutorily specified "revocation period" expires, the person does not have driving privileges, but his or her privileges are no longer *revoked.*[7]

Read together, the text and context of ORS 811.175 make clear that the statutory scheme contemplates a finite revocation period. During the specified revocation period, the revoked person may neither drive nor apply for driving privileges. After the revocation period is over, the person still does not have driving privileges, but he or she may apply anew for driving privileges.

■ It is a Class A infraction or a Class C felony to drive during "a period when the person's driving privileges or right

---

[7] ORS 809.390 also provides some support for defendants' reading of the statutory scheme. ORS 809.390(1) provides that "[t]he period of revocation shall last as long as required for the revocation by law." In isolation, that statute could be subject to either defendants' or the state's interpretation, however, when it is read together with ORS 809.410, which establishes revocation periods, the text of ORS 809.390(1) suggests that revocation lasts as long as the period specified in the statute and in the revocation order, in this case, one year.

Moreover, ORS 809.390(2) provides that, *"[d]uring the period of revocation,* the person is not entitled to exercise any driving privileges in this state *or to apply for or receive any driving privileges in this state.*" (Emphasis added.) ORS 809.390(3) further provides that, "[u]pon *expiration of the revocation period,* the person must reapply for driving privileges in the manner established by law and must reestablish the person's eligibility for issuance of driving privileges." (Emphasis added.) Again, those provisions suggest that, after the revocation period expires, the person *may apply* for driving privileges, and thus, that the person's driving privileges are revoked for only as long as ORS 809.410 provides.

during "a period when the person's driving privileges or right to apply for driving privileges have been * * * revoked." ORS 811.175(1)(a) and 811.182(3). In these cases, defendants' driving privileges were revoked for a "period" of one year. ORS 809.410. In both cases, on the date of the charged offense, the one-year period had expired. Accordingly, in respect of the revocation orders at issue here, defendants were not driving while revoked.

One final argument deserves mention. The state argues that the Court of Appeals' opinion in *State v. Foster*, 54 Or App 405, 635 P2d 11 (1981), which held that the revocation of the defendant's license to operate a motor vehicle under *former* ORS 482.430 (1977) (earlier version of ORS 809.410(4)) was indefinite, was adopted by the 1983 and 1985 recodification of the Oregon Vehicle Code. The state argues that this case is factually indistinguishable from *Foster* and, thus, that this court is bound by that case (or, more specifically, by the legislature's adoption of that case).

In making that argument, the state relies in large part on the preamble to the revision of the Oregon Vehicle Code, which provided, in part:

"It is not the purpose or intent of the Oregon Legislative Assembly to change the law, *as interpreted by the courts*, administrating agencies and the Legislative Assembly, by enacting the revision of the Oregon Vehicle Code * * *. The intent of the assembly is to make the law relating to vehicles easier to use, amend and understand by simplifying the language, establishing a single set of definitions for the code, eliminating confusing references, eliminating verbiage, eliminating some confusing use of terminology and standardizing the presentation of prohibitions and penalties, *all in accordance with existing interpretation and use of the vehicle code*, and rearranging existing concepts under the vehicle code in a more logical fashion.

"* * * * *

"(4)  Every agency of this state, *every court* and every person *shall consider the revision to be a continuation of the vehicle laws in effect on the effective date of the revision*." Or Laws 1983, ch 338, § 3, *as amended by* Or Laws 1985, ch 16, § 3. (Emphasis added.)

The state argues that the foregoing language shows that the legislature intended to codify all interpretations by the courts of the existing vehicle code, including *State v. Foster, supra*, and, thus, that this court is bound by the legislative adoption of *Foster*.

We disagree. Assuming, *arguendo*, that that type of general statement of legislative intent were enough to "codify" a Court of Appeals' case, the state's argument is misplaced here. The opinion in *State v. Foster, supra*, interpreted the revocation provision in effect in 1978, the year in which the defendant's license was revoked. 54 Or App at 407. That statute provided, in part:

> "The division forthwith shall revoke any person's permit or license to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:
>
> "* * * * *
>
> "(c)   Any crime punishable as a felony in the commission of which a motor vehicle is used." *Former* ORS 482.430(1)(c) (1977).

The Court of Appeals held that, under that statute, the defendant's license was indefinitely revoked until he applied for and was reissued a new license as allowed under the statute.[8] *State v. Foster, supra*, 54 Or App at 408. Because the defendant in that case had not sought a new license by the date of the charged offense, the court held that the 1978 revocation order was relevant to the 1980 charge of driving while suspended (or revoked). *Id.*

The flaw in the state's argument is its failure to recognize that *former* ORS 482.430 (1977) was substantively amended *before* the legislature enacted the 1983 recodification of the Oregon Vehicle Code. In 1981, the legislature amended the statute to read:

---

[8] At the time, *former* ORS 482.500(1) (1977) provided, in part:

"[A]ny person whose permit, license or right to apply for a license is revoked under this chapter is not entitled to apply for or receive any new license until the expiration of one year from the date:

"(a) Of the conviction upon which the revocation was based, if no appeal was taken.

"(b) When his conviction was sustained by the appellate court, if an appeal was taken."

"(1)   The division forthwith *shall revoke for a period of time as set forth in ORS 482.500*, any person's permit or license or right to apply to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:

"* * * * *

"(c)   Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle."
*Former* 482.430(1)(c) (1981). (Emphasis added.)

As provided in *former* ORS 482.430 (1981), *former* 482.500(1) (1981) set the time period for license revocations under former chapter 482:

"[A]ny person whose permit, license or right to apply for a license is revoked under this chapter is not entitled to apply for or receive any new license *until the expiration of one year from the date the license was revoked*." (Emphasis added.)

Thus, unlike under *former* ORS 482.430 (1977), which was the statute at issue in *Foster*, the text of *former* ORS 482.430 (1981), combined with *former* ORS 482.500 (1981), provided a one-year *revocation period*. The preamble to the 1983 revision of the Oregon Vehicle Code stated that the legislature intended to leave the vehicle code in force at that time substantively unchanged. In recodifying the Oregon Vehicle Code, the legislature intended to leave intact the 1981 statute, rather than the 1977 statute interpreted by *Foster*. Therefore, because it interpreted the statute in force before the 1981 amendment, the Court of Appeals' opinion in *Foster* has no particular weight in our interpretation of the current motor vehicle code.

■      Because we hold that the one-year revocation period contained in the orders revoking defendants' driving privileges had elapsed, those orders are not relevant to whether defendants committed felony or infraction driving while revoked. The trial court correctly excluded the evidence as irrelevant.

The decision of the Court of Appeals is reversed. The orders of the circuit court are affirmed.