No. 82-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

HARRY ADDISON TAYLOR,

Defendant and Appellant.

_____

Appeal from:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone
               Honorable Diane Barz, Judge presiding.

Counsel of Record:

      For Appellant:

      Berger Law Firm, Billings, Montana

      For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
      Harold F. Hanser, County Attorney, Billings, Montana

_____

Submitted on briefs: February 10, 1983

Decided: March 31, 1983

Filed:   MAR 31 1983

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Harry Addison Taylor was convicted July 28, 1982, of being in actual physical control of a motor vehicle upon the highways of the State of Montana while under the influence of alcohol, a misdemeanor offense pursuant to section 61-8-401(1)(a), MCA. Taylor now appeals that conviction. We affirm.

Deputy Richard Seibert responded to a call received by the Yellowstone County Sheriff's Department on October 16, 1981, reporting a vehicle off the road on 38th Street West in Billings, Montana. At the scene, Deputy Seibert observed a vehicle in the borrow pit with its engine running and lights on. He approached the vehicle and found the defendant, Harry Taylor, slumped over the steering wheel. The transmission was in drive, but the vehicle was immobile because it was stuck in the borrow pit.

Deputy Seibert roused Taylor, who was either asleep or "passed-out," and placed him under arrest. Although no field sobriety tests were performed, Seibert later testified that in his opinion, Taylor was under the influence of alcohol. Seibert transported Taylor to the Highway Patrol Office where a taped interview was conducted. Taylor was charged with driving a vehicle while under the influence of alcohol, to which he pled not guilty in Justice Court.

The Yellowstone County Attorney then filed a complaint January 26, 1982, charging Taylor with being in actual physical control of a motor vehicle upon the highways of the State while under the influence of alcohol. Trial was held in Justice Court on March 22, 1982, and Taylor was found guilty.

2

The Justice Court stayed Taylor's sentence pending an appeal to the Thirteenth Judicial District Court of the State of Montana. A nonjury trial was held in the District Court on June 16, 1982. Taylor was again found guilty of the misdemeanor. He was sentenced on August 12, 1982, to pay a fine of $250.00.

Deputy Seibert, Officer Thomas Carranco of the Montana State Highway Patrol and Les Muhlbeier, Assistant County Surveyor for Yellowstone County, testified for the State at the District Court trial. The defense presented no witnesses or testimony.

Officer Carranco arrived at the scene shortly after Deputy Seibert. He testified at trial that in his opinion, Taylor was under the influence of alcohol. Further, he testified that the car in which Taylor was found was not totally in the borrow pit. The left rear bumper and part of the fender were "somewhat over on the blacktop."

Mr. Muhlbeier prepared a map for trial illustrating that the county right-of-way extends approximately eighteen feet past the pavement of the road. The map was admitted as an exhibit for illustrative purposes only. Upon questioning by the court, Mr. Muhlbeier testified that the "borrow pit area right-of-way" in which the car was found is dedicated to Yellowstone County and the public.

In his appeal of his conviction, Taylor presents this Court with the following issues for review:

1. Was Taylor in "actual physical control" of the motor vehicle while it was stuck in the borrow pit and hence immobile?

2. Did the State of Montana prove beyond a reasonable doubt that the motor vehicle was upon the highways of the State of Montana?

3

3. Are the District Court's findings of fact and conclusions of law adequate?

"Actual physical control" as it is used in section 61-8-401(1)(a), MCA, was defined by this Court in State v. Ruona (1958), 133 Mont. 243, 248, 321 P.2d 615, 618.

> ". . . if a person has existing or present bodily restraint, directing influence, domination or regulation, of an automobile, while under the influence of intoxicating liquor he commits a misdemeanor . . ."

We also specifically held movement of the vehicle to be unnecessary.

Many other courts have since adopted the same definition. See Kansas City v. Troutner (1976 Mo. App.), 544 S.W.2d 295; State v. Ghylin (1977 N.D.), 250 N.W.2d 252; Hughes v. State (1975 Okl. Cr.), 535 P.2d 1023; Commonwealth v. Kloch (1974), 230 Pa. Super. 563, 327 A.2d 375; and State v. Bugger (1971), 25 Utah2d 404, 483 P.2d 442.

Further, numerous courts have held a motorist to be in actual physical control of a vehicle while asleep or passed out behind the steering wheel. State v. Wilgus (1945 Ohio Com. Pl.), 17 Ohio Supp. 34; State v. Webb (1954), 78 Ariz. 8, 274 P.2d 338; Commonwealth v. Kloch, supra; Kansas City v. Troutner, supra; and State v. Graves (1977), 269 S.C. 356, 237 S.E.2d 584. In so holding, the courts have viewed the motorist as being in a position to regulate the vehicle's movements (Kansas City v. Troutner, supra; Commonwealth v. Kloch, supra), or as having the authority to manage the vehicle (State v. Wilgus, supra).

We agree and apply the same analysis to the facts now before us. Just as a motorist remains in a position to regulate a vehicle while asleep behind its steering wheel, so does he remain in a position to regulate a vehicle while asleep behind the steering wheel of a vehicle stuck in a

4

borrow pit. He has not relinquished regulation of or control over the vehicle. It does not matter that the vehicle is incapable of moving. Movement of a vehicle is not required for "actual physical control." State v. Ruona, supra. We affirm the District Court's conclusion that Taylor was in actual physical control of his vehicle for the purposes of section 61-8-401(1)(a), MCA.

Defendant's second and third issues are meritless. The State of Montana sought to prove Taylor was on the highways of the State at the time of his arrest through the testimony of the Assistant Yellowstone County Surveyor, Mr. Muhlbeier. Mr. Muhlbeier testified:

"Q. This map indicates there is 18 feet distance between where the pavement ends and the right-of-way of the County extends?

"A. Yes, approximately 18. It is possibly-- The pavement may vary within a foot or so, but it would be approximately 18 feet.

* * *

"THE COURT: Mr. Muhlbeier, as County Surveyor, can you tell the Court who owns what is called the 'borrow pit area right-of-way'?

"A. It is dedicated to Yellowstone County. Poly Vista Subdivision, which is filed in the Clerk & Recorder's Office, has dedicated the right-of-way to the public . . ." (emphasis supplied)

"Highway" is defined in section 61-1-201, MCA, as:

". . . the entire width between the boundary lines of every publicly maintained way when any part thereof is open to the use of the public for purposes of vehicular travel, except that for the purpose of chapter 8 the term also includes ways which have been or shall be dedicated to public use." (emphasis supplied)

Taylor was charged under Chapter 8 of Title 61. The testimony of Mr. Muhlbeier elicited by both the attorney for the State and the District Court Judge clearly proved that the borrow pit in which Taylor was stuck had been dedicated

5

to public use. It is therefore a "highway" as that term is used in section 61-8-401(1)(a), MCA.

Finally, defendant complains that the District Court's findings and conclusions are inadequate because they refer to a non-existent stipulation as to Mr. Muhlbeier's qualifications and to a plat which was never admitted into evidence. Defendant failed to object to Mr. Muhlbeier testifying, failed to question him regarding his qualifications and failed to cross-examine. The reference to the non-existent stipulation is therefore harmless error. The plat referred to in the findings and conclusions is obviously the map drawn by Mr. Muhlbeier and introduced for illustrative purposes only.

The defendant's conviction is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6