Calvin LATHAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–901.

Court of Appeals of Alaska.

Nov. 1, 1985.

---

James H. Cannon, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Jeffrey O'Bryant, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Calvin Lathan appeals his conviction for driving while intoxicated (DWI), AS 28.35.-030. We affirm.

There is no dispute as to the facts surrounding Lathan's offense. The following report of the facts is taken from Lathan's brief on appeal.

On the night of September 29–30, [1984], Mr. Lathan had driven his 1980 Chevrolet [Monza] from the O.K. Corral, where he had consumed some beer, to the College Inn liquor store. At that time Mr. Lathan had not consumed enough alcoholic beverages to be "under the influence." When he arrived at the College Inn just before midnight, Mr.

Lathan bought a twelve-pack of beer and drove down Farmers Loop ... to the lower parking lot at the University of Alaska campus looking for a friend's car. The road surface was paved in the center but unpaved on the edges. Mr. Lathan got the left front wheel of his car stuck in a mudhole along the edge of the road.

Mr. Lathan then spent between one-half and one and one-half hours attempting to extricate his vehicle from the mud. He was unsuccessful, but in the process he became cold, wet and muddy as it was raining out. Mr. Lathan then got back into his vehicle sitting behind the wheel in the normal driver's position, started the car and apparently turned on the heater. He then began drinking beer from the twelve-pack he had purchased earlier, and over an unknown period of time, (but before 4:55 a.m.) consumed seven or eight twelve-ounce cans of beer.

Trooper Lovejoy responded to a call at 4:55 a.m. from the University of Alaska security department, and found Mr. Lathan asleep, sitting behind the wheel with the engine running. Mr. Lathan had not intended to get his vehicle out, since he began drinking after getting stuck and did not intend to drive his vehicle [even] if he could have gotten it out of the mud. At the time Mr. Lathan was contacted, he was "under the influence of intoxicating liquor," and it was later determined that he had a blood alcohol concentration of .209 percent as of 6:06 a.m.

.    .    .    .    .

Prior to Mr. Lathan's removal from the scene, a wrecker was called.... Initial attempts to get the vehicle out by lifting the rear end with a "one ton" wrecker were unsuccessful. Eventually the vehicle was pulled out of the mud by use of a winch. The entire procedure took approximately thirty minutes. Once Mr. Lathan's vehicle was winched out, it was capable of being driven under its own power. Until it was removed from the mud, the vehicle was incapable of movement.

Lathan pled not guilty to DWI. His first trial ended in a mistrial. Prior to being retired, Lathan apparently requested the following instruction with regard to the definition of "operates" as used in AS 28.35.-030(a)[1]:

> A person operates a motor vehicle within the meaning of these instructions when he is in actual physical control of the vehicle with its motor running that can or could be driven.

The state filed a motion requesting that this instruction not be given in any form, and proposing other instructions on the meaning of "operate". Lathan filed a memorandum in opposition.

On the day set for the second trial, a short hearing on the requested instructions was held. Lathan argued essentially that his proposed instruction was appropriate, because a car which is absolutely incapable of movement does not pose a danger to anyone, even if an intoxicated person sits behind the wheel with the engine on. District Court Judge Christopher Zimmerman denied the requested instruction.

After a short recess, the parties indicated a desire to enter into a stipulation as to the facts of Lathan's offense. The court clarified the scope of the stipulation[2], and Lathan then waived his right to a jury trial. Judge Zimmerman found Lathan guilty on the stipulated facts.

On appeal, Lathan contends that the court erred in interpreting AS 28.35.030(a). He argues that an "operability" or "movea-bility" requirement must be read into the statute, because the legislature could not have intended to punish conduct that posed no danger.

In *Jacobson v. State*, 551 P.2d 935 (Alaska 1976), the court examined former AS 28.35.030, which also used the term "operates," and concluded that it "prohibits a person who is under the influence of intoxicating liquor from being in actual physical control of a vehicle with its motor running." *Id.* at 938. In *State v. Taylor*, 661 P.2d 33, 34–35 (Mont.1983), the Supreme Court of Montana concluded that "actual physical control" had been established despite the fact that the defendant's car was incapable of movement. We are satisfied that Lathan was in "actual physical control," and therefore that he was operating the car for purposes of AS 28.35.030 after he became intoxicated. The statute, on its face, contains no "moveability" requirement, and the definition of "operate" adopted in *Jacobson* contains no such requirement.

The trial court did not err in rejecting Lathan's proposed instruction. The conviction is AFFIRMED.

---

1. At the time of Lathan's offense, AS 28.35.-030(a) provided:

   A person commits the crime of driving while intoxicated if the person operates or drives a motor vehicle or operates an aircraft or a watercraft

   (1) while under the influence of intoxicating liquor, or any controlled substance listed in AS 11.71.140–.190;

   (2) when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.10 percent or more by weight of alcohol in the person's blood, or 100 milligrams or more of alcohol per 100 milliliters of blood, or when there is 0.10 grams or more of alcohol per 210 liters of the person's breath; or

   (3) while the person is under the combined influence of intoxicating liquor and another substance.

2. The stipulation was not reduced to written form. The summary quoted *supra* is taken from Lathan's brief on appeal. The state does not contest its accuracy, and after independently reviewing the record, we find the summary to be accurate.