**Francis E. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1296.**

Court of Appeals of Alaska.

June 4, 1993.

Geoffry B. Wildridge, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Jacquelyn L. Parris, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Francis E. Williams appeals his conviction for driving while intoxicated, AS 28.-35.030(a), challenging the legality of the traffic stop that led to his arrest. We affirm.

In the early morning of March 23, 1992, Alaska State Trooper Theodore Norris stopped Williams for having a broken taillight that was emitting white light to the rear. At the later suppression hearing, Williams conceded that his taillight lens had been broken, but he asserted that he had painted the exposed bulbs red so that they would continue to emit red light. District Court Judge H.E. Crutchfield recessed the hearing to personally examine Williams's vehicle. When court resumed session, Judge Crutchfield stated that he had viewed the taillight assembly (the lens and the bulbs), that two bulbs were exposed by the broken lens, and that the

---

inside bulb had only a little red paint: less than ten percent of that bulb was covered. Judge Crutchfield further found that the taillight assembly would emit some white light if viewed from the side or from a vantage point above or below the height of the taillight assembly.

■ On appeal, Williams argues that, even if a little white light was visible from his taillights, his vehicle still complied with the law and the trooper's act of stopping him was therefore unjustified. At the time Williams was stopped, 13 AAC 04.145(e) stated:

> A lighting device or reflector mounted on the rear of a vehicle must display or reflect a red color, except the stop light or other signal device which may be red or yellow, and the light illuminating the registration plate and the light emitted by backup lights must be white. No backup light may be turned on when the vehicle is in forward motion.

Williams argues that, while this regulation clearly requires taillights to emit red light, it does not prohibit taillights that emit red plus some other color (for example, white). Therefore, Williams claims, even if his taillight emitted some white light, his vehicle still conformed to this regulation because the taillight emitted red as well.

We, however, interpret 13 AAC 04.145(e) to require that taillights emit only red light. The regulation is designed to create a "code" of vehicle lighting, a set of visual signals that drivers can rely upon to judge and predict the motion of other vehicles. Under 13 AAC 04.145(e), with the exception of license plate illumination, a vehicle is to display white light to the rear in one and only one circumstance: when the vehicle has been shifted into reverse gear. If the regulation were interpreted as Williams suggests, highway safety would be jeopardized: drivers would not have an unambiguous visual cue to help them recognize when another vehicle was backing up or preparing to back up.

■ We recognize that, since the time of Williams's offense, the Department of Public Safety has amended 13 AAC 04.145 by adding a subsection (f) that makes this rule of law clearer:

> No person may operate a motor vehicle on a roadway with any color of light illuminated other than the colors specified in this chapter.

One could argue that the enactment of this additional subsection indicates that the Department did not intend the prior version of the regulation to restrict taillights to the single color red. We also recognize that, when a regulation is reasonably susceptible of two conflicting interpretations, this ambiguity must be resolved in favor of a criminal defendant. *Dixson v. United States*, 465 U.S. 482, 491, 104 S.Ct. 1172, 1177, 79 L.Ed.2d 458 (1984); *Cassell v. State*, 645 P.2d 219, 222 (Alaska App.1982).

■ However, a court is obliged to avoid construing statutes in a way that leads to patently absurd results or to defeat of the obvious legislative purpose behind the statute. *Sherman v. Holiday Construction Co.*, 435 P.2d 16, 19 (Alaska 1967); *Wylie v. State*, 797 P.2d 651, 657 (Alaska App.1990); *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981). We conclude that Williams's suggested interpretation of 13 AAC 04.145(e) would defeat the obvious purpose of the regulation, which is to assure drivers that white light emitting from a vehicle's taillights means only one thing: that the vehicle is in reverse.

Because the evidence (taken in the light most favorable to the district court's ruling) establishes that Williams's taillight was emitting at least some white light, it follows that Trooper Norris had probable cause to make a traffic stop. The judgement of the district court is AFFIRMED.