**Maxie MEZAK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–5078.**

Court of Appeals of Alaska.

July 29, 1994.

Dennis Schertz, Law Office of Chris Provost, Bethel, for appellant.

Bruce G. Ward, Asst. Dist. Atty., James K. Metcalfe, Dist. Atty., Bethel, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

COATS, Judge.

Maxie Mezak pleaded no contest to operating a watercraft while intoxicated. AS 28.-35.030. Mezak appeals the decision of District Court Magistrate Craig R. McMahon denying Mezak's motion to dismiss the charge on the ground that he had not been "operating" the watercraft as defined by the statute. We affirm the conviction.

On June 4, 1993, Bethel Police Sgt. John Bilyeu and Lt. Jean Achee went to the Brown Slough area in response to a report that three drunk males were leaving the area in a yellow boat. When the officers arrived, they observed the boat and saw that one of the three men, Joseph Andrews, was motoring the boat out of the slough. While the officers were obtaining a boat for their own use, the engine on the yellow boat stopped running; the officers then observed Mezak, one of the other two men in the yellow boat,

---

exchange positions with Andrews, take the controls of the boat, and repeatedly attempt to restart the engine. The officers admonished Mezak to stop and to sit down. Mezak pulled the outboard motor out of the water and sat in the boat. At that point, the officers pulled alongside the yellow boat, confirmed that the three men in it were intoxicated, and towed the boat ashore. The police arrested Andrews and Mezak for operating a watercraft while intoxicated.[1] An Intoximeter test later showed Mezak's blood-alcohol level to be 0.254.

Mezak filed a motion to dismiss the case, arguing that his action of attempting to start the boat's engine, as alleged in the criminal complaint, did not constitute "operating" the watercraft, which AS 28.35.030(m)(3) defines as "to navigate or use" a watercraft. Magistrate McMahon denied the motion, noting that "Mr. Mezak was attempting to start the motor of the boat" and ruling that Mezak had therefore been "operating" the watercraft as defined by the statute. The court ruled that "this construction of the definition does not differ from the definitions of operating a motor vehicle or aircraft which have been developed by case law." Mezak then pleaded no contest and preserved the dismissal issue for appeal in accordance with *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

■ Alaska Statute 28.35.030(a), the law prohibiting "driving while intoxicated," applies to a person who "operates or drives a motor vehicle or operates an aircraft or a watercraft" while intoxicated. The statute does not define "operate or drive a motor vehicle." However, AS 28.35.030(m)(3) does define "operate a watercraft" as "to navigate or use a vessel used or capable of being used as a means of transportation on water for recreational or commercial purposes on all waters, fresh or salt, inland or coastal, inside the territorial limits or under the jurisdiction of the state."[2]

■ Neither this court nor the Alaska Supreme Court has previously construed the meaning of "operate a watercraft" in AS 28.35.030. However, both courts have elaborated upon the meaning of "operate or drive a motor vehicle." Noting that former AS 28.40.100(a)(4) (now AS 28.40.100(a)(7)) defined "driver" as "a person who drives or is in actual physical control of a vehicle," the supreme court has held that Alaska has criminalized being in "actual physical control" of a car while intoxicated. *State Dep't of Pub. Safety v. Conley*, 754 P.2d 232, 234 (Alaska 1988).

In *Conley*, the court expressed its concerns regarding the dangers to the public from an intoxicated driver being in "actual physical control" of a motor vehicle, even while the vehicle was not actually moving. The court concluded that Conley, who was sitting in the driver's seat of a stationary car with the engine turned off and attempting to insert the ignition key, was in "actual physical control" of the car. *Id.* at 236. *See also Jacobson v. State*, 551 P.2d 935 (Alaska 1976) (person asleep in front seat of car with motor running was in "actual physical control"); *Lathan v. State*, 707 P.2d 941 (Alaska App. 1985) ("actual physical control" established despite fact defendant's car was incapable of movement). We see no reason not to apply a similar standard to the term "use" within AS 28.35.030(m)(3).

We conclude that the magistrate did not err in denying Mezak's motion to dismiss. Viewing the record in the light most favorable to the state, Mezak was actively trying to start the boat's engine. He was both "using" the boat and in "physical control" of it.

The conviction is **AFFIRMED.**

---

1. The police also arrested the third man, Sammy Ashepak, for second-degree hindering prosecution because Ashepak had thrown a bottle of vodka from the boat into the slough.

2. *Cf.* AS 05.25.100(2) (defining "operate" for purposes of recreational boating requirements as "to navigate or otherwise use a watercraft for recreational purposes as opposed to business, subsistence, or commercial purposes").