Lucas W. BESSETTE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9268.

Court of Appeals of Alaska.

Oct. 6, 2006.

---

9. *Id.*

10. *Gutierres v. State,* 793 P.2d 1078, 1080 (Alaska App.1990).

Michael A. MacDonald, MacDonald & Levengood, P.C., Fairbanks, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

Lucas W. Bessette was convicted of felony driving while under the influence[1] after a trooper stopped him for driving his snowmachine on a sidewalk in Fairbanks. On appeal, he argues that the officer was not justified in stopping him, and therefore, the trial court erred in denying his motion to suppress the evidence against him. We conclude that the stop was valid and affirm Bessette's conviction.

### *Facts and proceedings*

At approximately 3:00 a.m. on January 6, 2005, Trooper Derek Loop noticed Bessette trying to start a snowmachine that was stalled on top of a snow berm on the sidewalk beside College Road in Fairbanks. There had been heavy snow that day, and the berm was the result of road crews being halfway between plowing the road and plowing the sidewalk. Trooper Loop stopped his patrol car and approached Bessette on foot. He testified that he wanted to make sure Bessette was all right and talk to him about having his snowmachine on the sidewalk, which is a traffic infraction.[2]

When Trooper Loop approached, Bessette turned around and took a few rapid steps in the opposite direction. Trooper Loop noticed that Bessette was staggering. He told

1. AS 28.35.030(a), (n).

2. 13 AAC 02.487.

Bessette to stop and asked him to identify himself. Eventually, Bessette turned around and admitted that he had driven the snowmachine. Trooper Loop noticed that Bessette's speech was slurred.

Trooper Loop requested that Bessette perform several field sobriety tests, which Bessette failed. Bessette then submitted to a DataMaster test, which revealed a breath alcohol content of .259 percent. Trooper Loop arrested Bessette for driving while under the influence. Because he had previous convictions for that offense, he was ultimately charged with a felony.

Bessette moved to suppress all evidence from the stop. He argued that the stop was not a valid welfare check. He also argued that the trooper did not have probable cause to stop him for operating a snowmachine on the sidewalk because the sidewalk was under a snow berm. The court denied Bessette's motion, holding that the trooper had made a valid traffic stop. Bessette entered a *Cooksey* plea, preserving his right to appeal the denial of his suppression motion.[3] This appeal followed.

*Discussion*

*Bessette's claim that the stop was not a valid traffic stop*

■ Whether probable cause for a traffic stop exists is a mixed question of fact and law.[4] We view the evidence in the light most favorable to the trial court's ruling and overturn its factual findings only if they are clearly erroneous.[5] We independently review whether those facts justify a finding of probable cause.[6]

■ Normally, an officer who directly observes a violation of the traffic code has probable cause for a traffic stop.[7] Here, the trooper observed Bessette trying to start a snowmachine that was stalled on the sidewalk. The traffic code prohibits driving on a sidewalk or sidewalk area.[8] Accordingly, the trooper would normally have probable cause to stop Bessette.[9] However, Bessette argues that the sidewalk lost its character as a sidewalk because it was covered by a snow berm.

The Alaska Administrative Code defines a "sidewalk" as "that portion of a street between the curblines or the lateral lines of a roadway and the adjacent property lines, and intended for use by pedestrians."[10] It defines "pedestrian" as "any person afoot; it includes a person on skis or snowshoes."[11]

At the evidentiary hearing, Bessette testified that the snow berm was approximately three feet high, eight to ten feet wide, and flat on top. He saw eight to ten inches of sidewalk showing, and he thought it was possible he was on top of the sidewalk. The trial court said: "One of the clear thoughts in my head is it's no less of a sidewalk because it's got snow on it."

We agree. The snow was not so high that Bessette was unable to identify the sidewalk, and pedestrians could continue to use the eight to ten inches of space on the ground or the wide flat surface on the berm for foot, ski, or snowshoe traffic. Under these facts, the sidewalk remained a sidewalk for purposes of the administrative code.

■ Bessette also argues that a reasonable person would not expect that the traffic

---

3. See *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

4. *Chandler v. State*, 830 P.2d 789, 792 (Alaska App.1992).

5. *State v. Wagar*, 79 P.3d 644, 650 (Alaska 2003); *Nease v. State*, 105 P.3d 1145, 1147–48 (Alaska App.2005).

6. *Wagar*, 79 P.3d at 650; *Nease*, 105 P.3d at 1148.

7. *Nease*, 105 P.3d at 1147; *Williams v. State*, 853 P.2d 537, 538 (Alaska App.1993).

8. 13 AAC 02.487.

9. *See Nease*, 105 P.3d at 1147; *Conkey v. State, Dep't of Admin.*, 113 P.3d 1235, 1237–38 (Alaska 2005); *State, Dep't of Public Safety v. Conley*, 754 P.2d 232, 236 (Alaska 1988); *Jacobson v. State*, 551 P.2d 935, 937–38 (Alaska 1976); *Mezak v. State*, 877 P.2d 1307, 1308 (Alaska App.1994); *Lathan v. State*, 707 P.2d 941, 943 (Alaska App. 1985).

10. 13 AAC 40.010(a)(48).

11. 13 AAC 40.010(a)(33).

code applied to a sidewalk covered by a snow berm, and therefore, he had a reasonable expectation of privacy not to be contacted by the police. Even if this was so, the right to privacy guaranteed by Article I, Section 22, of the Alaska Constitution does not create a right to seek the exclusion of evidence that is separate and independent from the right to be free from unreasonable searches and seizures under Article I, Section 14, of the Alaska Constitution.[12] Consequently, our ruling that Bessette's stop was valid under Article I, Section 14, of the Alaska Constitution disposes of his privacy claim as well.

Finally, Bessette argues that the stop was an invalid pretext stop because the trooper's subjective motivation was not to cite him for a traffic infraction but to conduct a welfare check or an investigative stop. We have not decided whether to adopt the doctrine of "pretext stops" as a matter of Alaska law. But even if we recognized that doctrine, Bessette has failed to show that his stop was an impermissible pretext stop. To do so, Bessette had to prove the trooper departed from reasonable police practice when he stopped Bessette for operating a motor vehicle on the sidewalk.[13] Bessette has presented no such evidence. Accordingly, we reject his claim.

*Conclusion*

Bessette's conviction is AFFIRMED.

**12.** *See Anchorage v. Ray,* 854 P.2d 740, 750–51 (Alaska App.1993).

**13.** *See Grohs v. State,* 118 P.3d 1080, 1081–82 (Alaska App.2005); *Nease,* 105 P.3d at 1147–48.