DA 09-0087

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 375N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GORDON SEES THE GROUND, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-0069
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robin A. Meguire; Attorney at Law; Great Falls, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

          Dennis Paxinos; Yellowstone County Attorney; Billings, Montana

Submitted on Briefs:  October 8, 2009

Decided:  November 3, 2009

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gordon Sees the Ground, Jr. (Sees the Ground) appeals from his jury conviction in the Thirteenth Judicial District Court, Yellowstone County, of the offenses of Driving a Motor Vehicle Under the Influence of Alcohol (DUI), a felony, in violation of § 61-8-401, MCA (2007), and Driving While License Suspended or Revoked (DWS), a misdemeanor, in violation of § 61-5-212, MCA. We affirm.

¶3 Sees the Ground presents the following issues for review:

¶4 Issue One: Whether the District Court erred in denying Sees the Ground's motion to dismiss challenging probable cause for his arrest.

¶5 Issue Two: Whether the District Court erred in denying Sees the Ground's proposed jury instruction on the definition of actual physical control of a motor vehicle.

¶6 Issue Three: Whether the District Court erred in denying Sees the Ground's motions *in limine* to exclude any discussion of Horizontal Gaze Nytagmus (HGN) evidence and to redact his statement, "There we go again," on the DUI processing video.

2

¶7 On February 1, 2008, a witness reported to police that a vehicle parked along South 29th Street in Billings, Montana, contained an individual slumped over the steering wheel. Upon arrival at the scene, Officers Denise Baum and Harley Cagle of the Billings Police Department noticed that the vehicle had its headlights on and was partially parked in the traffic lane. As Officer Baum approached the vehicle, she saw Sees the Ground in the driver's seat, slumped over the steering wheel with his seatbelt fastened, and that keys were in the ignition and turned to the "on" position. Officer Baum also saw three cans of beer and smelled the odor of alcohol emanating from the vehicle.

¶8 Officer Baum then made contact with Sees the Ground. Throughout the conversation, Sees the Ground slurred his words, had difficulty removing his ID card from his wallet, smelled of alcohol, and could not answer general questions. As a result, Officer Baum asked Sees the Ground to step outside the vehicle, and she administered the HGN test, observing six out of six clues. Officer Baum did not have Sees the Ground perform further field sobriety testing because Sees the Ground was wearing a knee brace and had difficulty standing. Officer Baum placed Sees the Ground under arrest. The officers attempted to start Sees the Ground's vehicle and move it closer to the curb, but the battery was dead. Thus, the officers had to push the vehicle to the side of the road.

¶9 The State charged Sees the Ground with DUI and DWS. Sees the Ground filed a motion to dismiss the DUI, arguing Officer Baum lacked probable cause to arrest him because he was not in actual physical control of the vehicle, and motions *in limine* to exclude HGN evidence and his statement, "There we go again," on the DUI processing

3

video. Sees the Ground also proposed a jury instruction on the definition of actual physical control of a vehicle. The District Court denied the motion to dismiss, the motions *in limine*, and chose instead to use the State's proposed instruction on actual physical control. Sees the Ground appeals.

¶10 *Whether the District Court erred in denying Sees the Ground's motion to dismiss challenging probable cause for his arrest.*

¶11 Sees the Ground argues Officer Baum lacked probable cause to arrest him because his vehicle's battery was dead, prohibiting him from exerting actual physical control over the vehicle. We review a district court's decision on motions to dismiss de novo. *State v. Samples*, 2008 MT 416, ¶ 13, 347 Mont. 292, 198 P.3d 803.

¶12 "A peace officer may arrest a person when a warrant has not been issued if the officer has probable cause to believe that the person is committing an offense . . . ." Section 46-6-311(1), MCA. "Probable cause to arrest is established if the facts and circumstances within an officer's personal knowledge, or related to the officer by a reliable source, are sufficient to warrant a reasonable person to believe that someone is committing or has committed an offense." *State v. Williamson,* 1998 MT 199, ¶ 12, 290 Mont. 321, 965 P.2d 231 (citations omitted).

¶13 DUI is an offense prohibiting an individual under the influence of alcohol from driving or being in "actual physical control of a vehicle." Section 61-8-401(1), MCA. We have described "actual physical control" as meaning "existing or present bodily restraint, directing influence, domination or regulation, of an automobile." *State v. Ruona*, 133 Mont. 243, 248, 321 P.2d 615, 618 (1958); *State v. Hudson*, 2005 MT 142,

4

¶ 13, 327 Mont. 286, 114 P.3d 210 (citation omitted). We have discounted a vehicle's capability for movement, reasoning that "[m]ovement of a vehicle is not required for 'actual physical control.'" *State v. Taylor*, 203 Mont. 284, 287, 661 P.2d 33, 34 (1983) (citation omitted). We have thus held that a vehicle stuck in a borrow pit, despite its temporary immobility, may satisfy the statute. *Taylor*, 203 Mont. at 287, 661 P.2d at 34-35.

¶14 Officer Baum observed Sees the Ground sitting and seat belted in the driver's seat, keys in the ignition and turned to the "on" position, and the gearshift in "drive." His vehicle was stopped partially in a traffic lane. While Sees the Ground's vehicle may have been temporarily immobilized, needing to be jump-started, this case is similar to the car that was temporarily stuck in a borrow pit in *Taylor*. We conclude the District Court did not err by denying Sees the Ground's motion to dismiss for lack of probable cause.

¶15 *Whether the District Court erred in denying Sees the Ground's proposed jury instruction on the definition of actual physical control of a motor vehicle.*

¶16 District courts enjoy "broad discretion" in crafting jury instructions so long as the instructions "fully and fairly instruct the jury regarding the applicable law." *State v. Azure*, 2008 MT 211, ¶ 13, 344 Mont. 188, 186 P.3d 1269 (citing *State v. Miller*, 2008 MT 106, ¶ 11, 342 Mont. 355, 181 P.3d 625).

¶17 The State's Proposed Jury Instruction No. 15 used the entire text of Mont. Pattern Jury Inst. 10-201 regarding actual physical control, including the optional second sentence, providing:

A person is in actual physical control of a motor vehicle if the person is not a passenger, and is in a position to, and has the ability to, operate the vehicle in question. A motorist does not relinquish control over a vehicle simply because it is incapable of starting or moving.

¶18 Sees the Ground offered the same instruction but without the second sentence. We conclude the District Court did not abuse its discretion by giving the instruction, which correctly included within the second sentence instances where the vehicle is temporarily inoperable. *See e.g. Taylor*, 203 Mont. at 287, 661 P.2d at 34-35.

¶19 *Whether the District Court erred in denying Sees the Ground's motions in limine to exclude any discussion of HGN and to redact his statement, "There we go again," on the DUI processing video.*

¶20 **A. HGN**

¶21 HGN measures the "involuntary jerking of the eyeball resulting from the body's attempt to maintain balance and orientation." *State v. Michaud*, 2008 MT 88, ¶ 30, 342 Mont. 244, 180 P.3d 636. Because HGN has a "scientific basis," courts may not admit its results as evidence for intoxication unless a proper foundation has been laid. *Hulse v. State*, 1998 MT 108, ¶ 72, 289 Mont. 1, 961 P.2d 75.

¶22 Officers Baum and Cagle testified that they were trained to administer field sobriety tests, including the HGN test, as part of the testimony they gave about their background and training. However, they did not expressly testify to the jury about administering an HGN test to Sees the Ground or make any connection between HGN and intoxication. It is doubtful that the jury could have inferred from this testimony, as Sees the Ground argues, that an HGN test was administered. Assuming, arguendo, that such an inference could have been made, we conclude it was harmless. Other evidence

6

proved intoxication. Sees the Ground was slumped over the wheel of his vehicle, stopped partially in a traffic lane, smelled of alcohol, slurred his words, failed to properly respond to general questions, had trouble standing without leaning on his vehicle, and had three open cans of beer in his vehicle. All of these facts were properly admitted and presented to the jury and demonstrated intoxication.

¶23    **B.    Sees the Ground's Statement**

¶24    Admissibility of evidence is left to the "sound discretion" of a district court. *Englin v. Bd. of Co. Commrs.*, 2002 MT 115, ¶ 38, 310 Mont. 1, 48 P.3d 39. We will disturb a district court's decision only when it has "acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *Englin*, ¶ 38. Even if relevant, evidence may be excluded if the probative value of the offered evidence is "substantially outweighed" by the propensity for unfair prejudice, M. R. Evid. 403, or if the evidence is of other crimes or past conduct, which is not admissible to prove the character of a person to show action in conformity therewith, M. R. Evid. 404(b).

¶25    At the DUI processing center, Sees the Ground stated, "There we go again," during the reading of the Implied Consent Advisory. He sought exclusion of that statement under either Rule 403 or Rule 404(b), but the District Court overruled his objection because the meaning of the statement could not be definitively discerned. After reviewing the record, we are unconvinced that the District Court abused its discretion. Nothing within the statement or its context suggests a clear reference to previous dealings with law enforcement or with DUIs. The State suggests the statement refers instead to

7

"Detective Baum continuing to read the Implied Consent Advisory despite Sees the Ground's frequent interruptions." Cognizant of the statement's ambiguity, we conclude that nothing suggests the District Court acted "without conscientious judgment or exceeded the bounds of reason" in denying Sees the Ground's motion.

¶26 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS

8